■ HAROLD LA MOUNTAIN, Respondent, v. MARION CARLSON, Appellant.— Appeal from a judgment of the Supreme Court in favor of plaintiff, entered August 2, 1955 in Albany County, upon a verdict rendered at a Trial Term and from an order entered August 11, 1955 denying a motion by defendant to set aside the verdict and for a new trial. Plaintiff testified that as he raised a window in an apartment rented from defendant, the moulding encasing the window on one side broke off, so that the window came out on that side and struck him, causing him to stagger backward, and that he stepped forward to grasp some support and fell through the open window to an alleyway below, fracturing his jaw and sustaining some other injuries. Although previously the window would remain open only if propped, on this occasion, according to the testimony of plaintiff and his wife, it remained open. The window sill was about two feet above the floor. A radiator stood in front of the window. Plaintiff raised the window about two feet or more, according to his testimony, or some 12 or 15 inches, according to that of his wife, so that if the testimony of either is correct, plaintiff would have had to approach the window in a crouched position and with sufficient momentum to fall over a radiator and the window sill and through a comparatively small aperture. A " sliding " screen was in the window prior to the accident but the testimony is silent as to whether plaintiff's body struck and dislodged it and as to where it was after the accident. As part of his proof of negligence and notice, plaintiff called a friend of some years standing who stated that when he occupied this same apartment some time before he informed the defendant that the moulding on the window was broken. Plaintiff's version, however, is that the moulding broke as he raised the window. Defendant adduced proof by a number of witnesses that plaintiff came home in the evening before the incident in an intoxicated condition, that quarrels and disturbances ensued and that immediately before and immediately after the incident shouted words were heard from which defendant would have us infer that plaintiff jumped from the window or was pushed from it by his wife. Intoxication was denied by plaintiff and his wife but the relatives with whom they claimed to have spent the evening, during the time plaintiff was said to have been intoxicated on the street and at home, did not testify. Neither party called the police officers who conveyed plaintiff to the hospital but the physician who examined plaintiff upon admittance there said that he saw no indication of intoxication. The trial court reserved decision on defendant's motion to set aside the verdict and thereafter, in an opinion written upon its denial of the motion, characterized plaintiff's fall in the manner asserted by him as " a singular and unusual occurrence " but said that to hold that it could not have happened as claimed would be to usurp the province of the jury. To our minds, however, the version of the occurrence which the jury in finding for plaintiff must necessarily have credited, when considered in the light of the physical facts

and circumstances, was so inherently improbable as to render the verdict clearly contrary to the weight of the evidence. Judgment and order reversed, on the law and facts, and a new trial ordered, with costs to abide the event. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur. [See *post*, p. 825.]